1  Daniel C. Girard (State Bar No. 114826)
2  Jordan Elias (State Bar No. 228731)
   Simon S. Grille (State Bar No. 294914)
3  **GIRARD GIBBS LLP**
4  601 California Street, Suite 1400
   San Francisco, California 94108
5  Telephone: (415) 981-4800
   *dcg@girardgibbs.com*
6  *je@girardgibbs.com*
   *sg@girardgibbs.com*
7
8  *Attorneys for Plaintiff Brian Christensen*

9
                    **UNITED STATES DISTRICT COURT**
10
                  **NORTHERN DISTRICT OF CALIFORNIA**
11
                          **SAN JOSE DIVISION**
12

13 |                                              |                                                    |
14 | BRIAN CHRISTENSEN on behalf of himself       | Case No.                                           |
   | and all others similarly situated,          |                                                    |
15 |                                              | **COMPLAINT FOR:**                                 |
   |                    Plaintiff,                |                                                    |
16 |           v.                                 | 1. **Breach of Express Warranty;**                 |
17 |                                              | 2. **Breach of Express Warranty in Violation**     |
   | HUAWEI DEVICE U.S.A. INC. and GOOGLE         |    **of the Song-Beverly Consumer Warranty**       |
18 | INC.,                                        |    **Act (Cal. Civ. Code § 1793.2);**              |
   |                                              | 3. **Breach of Implied Warranty;**                 |
19 |                    Defendants.               | 4. **Breach of Implied Warranty in Violation**     |
20 |                                              |    **of the Song-Beverly Consumer Warranty**       |
   |                                              |    **Act (Cal. Civ. Code § 1792, *et seq.*);**     |
21 |                                              | 5. **Violations of the Magnuson-Moss**             |
   |                                              |    **Warranty Act, 15 U.S.C. § 2301, *et seq.*;**  |
22 |                                              | 6. **Violations of the Unfair Competition Law,**   |
23 |                                              |    **Cal. Bus. & Prof. Code § 17200, *et seq.*; and** |
   |                                              | 7. **Unjust Enrichment.**                          |
24 |                                              |                                                    |
   |                                              | **CLASS ACTION**                                   |
25 |                                              |                                                    |
   |                                              | **DEMAND FOR JURY TRIAL**                          |
26
27
28

                          CLASS ACTION COMPLAINT
                               CASE NO.

Brian Christensen, individually and on behalf of all others similarly situated, alleges as follows.

## SUMMARY OF THE ACTION

1.      This is a consumer protection case on behalf of individuals who purchased Nexus 6P cell phones (the "Nexus 6P").  A defect in the Nexus 6P gives the phone a propensity to crash and then reboot interminably, rendering the phone useless (the "bootloop defect").

2.      Defendants Huawei Device U.S.A. Inc. and Google Inc. (collectively, "Defendants") collaborated to manufacture, market, and distribute the Nexus 6P.  Instead of fixing the defects in the Nexus 6P or providing injured consumers with refunds, effective repairs, or working replacement devices, Defendants have blamed each other for the defects and left consumers without a means for redressing their injuries.

3.      Plaintiff and Class members sustained economic harm attributable to Defendants' violations and seek relief through this action.

## PARTIES

4.      Plaintiff Brian Christensen is a citizen of the State of California.

5.      Defendant Huawei Device U.S.A. Inc. ("Huawei") is incorporated under Texas law and maintains its principal place of business at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024-3586.

6.      Defendant Google Inc. ("Google") is incorporated under Delaware law and maintains its principal place of business at 1600 Amphitheater Parkway, Mountain View, California 94043.

## JURISDICTION AND VENUE

7.      This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*.  This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

8.      This Court also has jurisdiction over the lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332, because this is a proposed class action in which: (1) there are at least 100 Class members; (2) the combined claims of Class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs, and (3) Plaintiff and Defendant Huawei are domiciled in different states.

CLASS ACTION COMPLAINT
CASE NO.

9.    The Court has personal jurisdiction over Huawei because it has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary. Huawei intentionally avails itself of markets within California through the promotion, sale, marketing, and distribution of its products in this State.

10.    The Court has personal jurisdiction over Google because its principal place of business is within this District and it has sufficient minimum contacts in California to render the exercise of jurisdiction by this Court proper and necessary.

11.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Google's principal place of business is within this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

12.    Assignment to the San Jose Division is proper under Local Rule 3-2(c) because a substantial part of the conduct at issue in this case occurred in Santa Clara County.

## PLAINTIFF-SPECIFIC ALLEGATIONS

13.    On November 27, 2015, Christensen purchased a Nexus 6P phone directly from Huawei. He paid $700.93 for the phone.  Huawei shipped the Nexus 6P to Christensen on December 9, 2015.

14.    The phone began malfunctioning in early December 2016.  It would power down without warning despite showing a battery charge of anywhere from 5 to 27 percent.

15.    Christensen contacted Google customer service.  He learned from Google that there was a known hardware defect with the Nexus 6P.  But Google would not provide any support because Christensen purchased the phone directly from Huawei.

16.    Christensen next contacted Huawei.  A Huawei representative informed Christensen that the problems with the Nexus 6P were software related and that Huawei could not help him.

17.    After about two weeks, though, the phone manifested the bootloop defect—the phone would reboot continuously to the "Google" screen, failing to turn on.

18.    Christensen again contacted Huawei, which refused to help him on the basis that the phone's warranty had expired.  Christensen then participated in a three-way call with Google and Huawei.  During this call, a Google representative stated that Christensen's Nexus 6P failed because of

a known hardware defect.  The Huawei representative responded by offering to handle the call.  Google's representative then left the call, after which Huawei's representative told Christensen that Huawei would not repair or replace his phone because his warranty had expired.  Christensen offered to pay for the cost of repairs, but the Huawei representative said there was nothing Huawei could do for him.  Christensen still owns the inoperable Nexus 6P.

## COMMON FACTUAL ALLEGATIONS

### The Nexus 6P Smartphone Has a Propensity to Fail

19.    Google unveiled the Nexus 6P smartphone on September 29, 2015.  The phone is a collaborative effort between Google and Huawei and displays trademarks from both companies.  Huawei manufactures the device.  Google develops the phone's software.  Both companies market and distribute the phone.

20.    The Nexus 6P is a premium smartphone.  When released, it was priced between $499 and $649, depending on storage capacity.

21.    Google and Huawei sold Nexus 6P phones to consumers directly as well as through authorized retailers.

22.    Nexus 6P phones suffer from a defect that causes the phone to shut down and enter an endless reboot cycle.  The phones continuously reboot to the "Google" screen until the battery dies and the phone shuts down completely.  After the bootloop sequence begins, the phone becomes inoperable.

23.    To the extent they have not been backed up, all photographs, videos, contacts, and other data on the phone are permanently lost when the Nexus 6P fails due to the bootloop defect.

24.    There is nothing any consumer or repair technician can to do fix a Nexus 6P device that has failed because of the bootloop defect.

25.    Defendants have been unable to prevent the bootloop defect from manifesting or to eradicate its underlying cause in the Nexus 6P.

26.    Another defect causes Nexus 6P phones to show abnormally rapid drops in battery charge and suddenly turn off despite showing a partial battery charge.  When this defect manifests, the

3

CLASS ACTION COMPLAINT
CASE NO.

phones will not reboot until plugged into a charger.  Consumers have posted numerous examples of this problem on Google help forums.[1]

27.     The defects in the Nexus 6P create safety hazards by causing the phones to die without warning.  For example, one Nexus 6P owner was temporarily stranded on a freezing night after her phone abruptly died when she was trying to order an Uber.[2]

**Defendants Were Aware of the Nexus 6P Defects**

28.     Around August 2016, consumers began reporting bootloop and battery problems to Defendants.

29.     Thousands of online posts have reported bootloop and battery problems impairing the Nexus 6P.[3]  As of April 18, 2017, nearly 150 people had signed a petition asking Defendants to address the bootloop defect in the Nexus 6P.[4]

30.     In September 2016, a Google representative responded to consumer complaints about the bootloop defect:

> We understand that a very small number of users are experiencing a bootloop issue on you device. We are continuing to investigate the situation, but can confirm that this is strictly a hardware related issue. For those of you that are currently experiencing this, please contact your place of purchase for warranty or repair options.
>
> We're sorry for the inconvenience and appreciate your continued patience.[5]

---

[1] *E.g.*, https://productforums.google.com/forum/#!topic/nexus/SeB67voFk38 (last visited Apr. 19, 2017); https://productforums.google.com/forum/#!topic/nexus/XLHrQKYaAtY (last visited Apr. 19, 2017).

[2] *See* http://www.androidpolice.com/2016/12/20/some-nexus-6ps-have-developed-a-battery-early-shutoff-problem-and-its-becoming-a-safety-issue/ (last visited Apr. 18, 2017).

[3] *E.g.*, https://www.reddit.com/r/Nexus/comments/4zhx53/never_ending_boot_loop_with_android_7_nougat/ (last visited Apr. 18, 2017); https://www.reddit.com/r/Nexus6P/comments/5jf52u/some_nexus_6ps_have_developed_a_battery_early/ (last visited Apr. 18, 2017); https://www.reddit.com/r/Nexus6P/comments/5k2pvz/never_ending_bootloop_its_a_hardware_issue_rma/ (last visited Apr. 18, 2017); https://www.xda-developers.com/nexus-6p-users-experiencing-random-bootloops/ (last visited Apr. 18, 2017); http://www.androidauthority.com/nexus-6p-bootloop-issues-738275/ (last visited Apr. 18, 2017).

[4] https://www.change.org/p/google-inc-get-repair-replacement-support-from-google-and-huawei-for-the-nexus-6p?recruiter=678638318&utm_source=share_petition&utm_medium=copylink (last visited Apr. 18, 2017).

[5] https://www.xda-developers.com/nexus-6p-users-experiencing-random-bootloops/ (last visited Apr. 18, 2017); *see also* https://www.reddit.com/r/Nexus/comments/4zhx53/never_ending_boot_loop_with_android_7_nougat/ (last visited Apr. 18, 2017).

CLASS ACTION COMPLAINT
CASE NO.

31.    In October 2016, the same Google representative confirmed that Google was aware of the malfunctioning batteries in Nexus 6P phones.  Google announced that it was investigating the problem and monitoring consumer posts on social websites like Twitter:

> Just want to let you all know that this is something we have been keeping track of, and our team is investigating.
>
> As most of you know, poor battery life immediately after an update is not uncommon, given the way system updates happen. That being said, many of you are reporting that you have been experiencing abnormal battery drain for multiple days now . . . . Thanks for all the relevant data on usage, and please continue to post your experiences here and elsewhere we monitor (Forum, Twitter, etc).[6]

32.    Google conducted its investigations of the Nexus 6P defects in conjunction with Huawei.[7]

### Defendants Inadequately Responded to Complaints

33.    Despite their knowledge of the Nexus 6P defects, Defendants failed to disclose these problems to consumers prior to purchase and failed to provide an adequate remedy to consumers when their Nexus 6P phones experienced problems and failed.

34.    Defendants have blamed each other for the defect instead of working together to ensure Nexus 6P purchasers have functional devices.  In some cases, consumers are sent back and forth between Google and Huawei and ultimately denied relief by both Defendants.

35.    Defendants have denied warranty coverage by pointing to cosmetic flaws, such as chipped screens, unrelated to the core product defects.

36.    Google has refused to provide a remedy to consumers who did not purchase their phones directly from Google.

37.    Where Huawei has agreed to repair or replace devices, consumers must first send their phones to Huawei for evaluation.  The evaluation and repair process can take weeks, and Huawei does not provide consumers with a phone to use while they wait.  Consumers are thus left without a phone or forced to purchase a backup phone.

---

[6] https://www.reddit.com/r/Nexus6P/comments/53xt82/nougat_ota_battery_drain_whats_the_official_word/ (last visited Apr. 18, 2017).

[7] https://www.reddit.com/r/Nexus6P/comments/5jf52u/some_nexus_6ps_have_developed_a_battery_early/ (last visited Apr. 18, 2017).

CLASS ACTION COMPLAINT
CASE NO.

38.    Defendants have provided consumers with refurbished devices with the same defects. The refurbished devices Defendants have provided to Nexus 6P purchasers are just as likely to fail as the original devices.  Defendants nevertheless do not extend warranty coverage for consumers who receive refurbished devices.

39.    Huawei refuses to provide any remedy to consumers who have owned their phones for longer than one year.

40.    Huawei receives an "F" rating from the Better Business Bureau—the lowest possible rating.[8]

41.    Consumers have paid substantial sums for repairs as a consequence of Defendants' failure to adequately repair or replace their frozen Nexus 6P phones.  Other consumers have submitted insurance claims and paid insurance deductibles to obtain a new phone.  Still other consumers have been forced to buy new phones out of pocket.

### Further Details Regarding Consumers and Cell Phones

42.    Cell phones have increasingly become a necessity of life in the United States.

43.    Approximately nine out of every ten Americans own a cell phone.  According to a recent study by the Centers for Disease Control and Prevention, 41% of American households use cell phones exclusively.  These households encompass 93 million adults and nearly 35 million children.

44.    The average American consumer replaces his or her cell phone every 28 months.

### CLASS ACTION ALLEGATIONS

45.    Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

46.    The proposed Class and Subclass are defined as:

### Class

All individuals within the United States who purchased one or more Nexus 6P mobile phones from Huawei, Google, or an authorized retailer.

---

[8] https://www.bbb.org/dallas/business-reviews/telephone-communications/huawei-device-usa-in-plano-tx-90111123/reviews-and-complaints?section=complaints (last visited Apr. 19, 2017).

CLASS ACTION COMPLAINT
CASE NO.

**California Subclass**

> All individuals within the State of California who purchased one or more Nexus 6P mobile phones from Huawei, Google, or an authorized retailer.

47.     Excluded from the Class and Subclass are Defendants and their officers, directors, legal representatives, successors, assigns, and any entity in which defendants have a controlling interest. Also excluded are Judges to whom this case is assigned and their staffs and immediate family members.

48.     The members of the Class are so numerous that joinder is impractical.  The Class consists of at least thousands of members, whose identity is within the knowledge of Defendants and can be readily ascertained from Defendants' books and records.

49.     There are questions of law and fact common to the Class, and these common questions predominate over any questions affecting only individual Class members.  Among the questions common to the Class are:

a.      Whether Defendants manufactured, marketed, distributed, and warranted the Nexus 6P smartphones with a defect that gives them a propensity to fail;

b.      The origins and implementation of, and the justifications, if any, for Defendants' policies and technology relating to the bootloop and battery defects and their manifestation in the Nexus 6P phones;

c.      When Defendants became aware of the bootloop and battery defects in the Nexus 6P smartphones and their reaction to that knowledge;

d.      Whether Defendants concealed and failed to notify consumers of the bootloop and battery defects in the Nexus 6P smartphones;

e.      Whether Defendants adequately responded to consumer complaints about bootloop and battery defects in the Nexus 6P smartphones; and

f.      Whether Defendants overcharged consumers for the Nexus 6P smartphones.

50.     The claims of Plaintiff are typical of the claims of the Class in that Plaintiff, like all Class members, purchased a Nexus 6P that he would not have purchased, or would have paid less for, had he known of the bootloop and battery defects.

51.     Plaintiff will fairly and adequately protect the interests of the Class.  He has no interests antagonistic to the interests of any other Class member.  He is committed to the vigorous pursuit of this action and has retained competent counsel experienced in the prosecution of consumer protection class actions.

52.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and given Defendants' financial resources, no Class member is likely to pursue legal redress individually for the violations detailed herein.

53.     Individualized litigation would significantly increase the delay and expense to all parties and to the Court, creating the potential for inconsistent and contradictory rulings.  By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

54.     Defendants have acted and refused to act on grounds that apply generally to the Class such that final injunctive or declaratory relief is warranted with respect to the Class as a whole.

### FIRST CLAIM FOR RELIEF
**Breach of Express Warranty**
**(Against Huawei)**
**(On behalf of the Class)**

55.     Plaintiff incorporates the above allegations by reference.

56.     Huawei manufactured and sold Nexus 6P phones to Plaintiff and Class members.

57.     At the time of sale, Huawei promised Plaintiff and Class members that the Nexus 6P would be "free from material defects, including improper or inferior workmanship, materials, and design."[9]

58.     The Nexus 6P phones purchased by Plaintiff and Class members were defective at the time of sale.  The defects in the Nexus 6P are embedded in the phone, give the phone a propensity to fail, and existed at all relevant times.

---

[9] http://consumer.huawei.com/us/support/warranty-policy/mobile-phone/index.htm (last visited Apr. 19, 2017).

CLASS ACTION COMPLAINT
CASE NO.

59.     Huawei expressly warranted at the time of sale that Huawei would "repair or replace at Huawei's sole option, any parts of the [phone] that are defective or malfunctioning during normal usage."[10]

60.     At all relevant times, Plaintiff and Class members relied on the promises in Huawei's express warranty.

61.     Huawei received timely notice of the breaches experienced by Plaintiff and Class members.

62.     Huawei did not furnish an effective remedy to Plaintiff and Class members.  Despite reasonable opportunities to honor the promise in its express warranty, Huawei failed to provide Plaintiff and Class members with conforming Nexus 6P phones free of defects.

63.     Huawei failed to repair or replace malfunctioning Nexus 6P phones and failed to provide the promised remedies within a reasonable time.

64.     Huawei refused to provide Plaintiff and Class members with functionally equivalent, non-defective Nexus 6P phones.

65.     Plaintiff and Class members used their Nexus 6P phones in a manner consistent with the phones' operating instructions and performed their duties under the terms of Huawei's express warranty.

66.     As a direct and proximate result of Huawei's breaches of express warranty, Plaintiff and Class members have been damaged in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**Breach of Express Warranty in Violation of the Song-Beverly Consumer Warranty Act,**
**Cal. Civ. Code § 1793.2**
**(Against Huawei)**
**(On behalf of the California Subclass)**

67.     Plaintiff incorporates the above allegations by reference.

68.     Nexus 6P phones are "consumer goods" under California Civil Code section 1791(a).

69.     Huawei is a "manufacturer" under California Civil Code section 1791(j).

70.     Plaintiff and California Subclass members purchased Nexus 6P phones within the State of California.

---
[10] *Id.*

71.     Huawei expressly warranted at the time of sale that the Nexus 6P would be "free from material defects, including improper or inferior workmanship, materials, and design" and that Huawei would "repair or replace at Huawei's sole option, any parts of the [phone] that are defective or malfunctioning during normal usage."

72.     In violation of California Civil Code section 1793.2, Huawei breached its express warranty by selling Nexus 6P phones that were defective and by refusing to repair or replace Nexus 6P phones that malfunctioned during normal usage.

73.     As a direct and proximate result of Huawei's breaches of express warranty, Plaintiff and California Subclass members have been damaged in an amount to be proven at trial.

<strong><u>THIRD CLAIM FOR RELIEF</u></strong><br><strong>Breach of Implied Warranty</strong><br><strong>(Against Defendants)</strong><br><strong>(On behalf of the Class)</strong>

74.     Plaintiff incorporates the above allegations by reference.

75.     By operation of law, Defendants impliedly warranted to Plaintiff and Class members that the Nexus 6P phones they purchased were of merchantable quality and fit for their ordinary and intended use as smartphone devices.

76.     Plaintiff and Class members either bought their Nexus 6P phones directly from Defendants or are the intended third-party beneficiaries of written agreements between Defendants and their authorized retailers, and of the implied warranties that attach to those contracts.

77.     Defendants breached the implied warranty of merchantability in connection with their sale and distribution of the Nexus 6P phones.  At the point of sale, the Nexus 6P phones contained unseen manufacturing or design defects whose manifestation renders the product inoperable during its useful life.  The defects in the Nexus 6P phones existed when the phones left Defendants' possession and rendered them unfit for their ordinary and intended purpose.

78.     Had consumers known of the embedded defects in the Nexus 6P, they would not have purchased or would have paid less for it.

79.     Plaintiff furnished Defendants an opportunity to cure its breach of warranty, to no avail. Defendants have refused to recall, adequately repair, replace, or refund the purchase price of failed Nexus 6P phones.

CLASS ACTION COMPLAINT<br>CASE NO.

80.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Plaintiff and Class members have sustained damages in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Warranty in Violation of the Song-Beverly Consumer Warranty Act,**
**Cal. Civ. Code § 1792, *et seq.***
**(Against Defendants)**
**(On behalf of the California Subclass)**

81.     Plaintiff incorporates the above allegations by reference.

82.     Under the Song-Beverly Consumer Warranty Act, Civ. Code § 1792, *et seq.*, every sale of consumer goods in California is accompanied by a manufacturer's "implied warranty that the goods are merchantable."

83.     The Nexus 6P is a "consumer good" under California Civil Code section 1791(a).

84.     Plaintiff and California Subclass members are "buyers" under California Civil Code section 1791(b).

85.     Huawei is a "manufacturer" of the Nexus 6P under California Civil Code section 1791(j).

86.     Defendants are "retail sellers" under California Civil Code section 1791(l).

87.     Defendants impliedly warranted to Plaintiff and California Subclass members that the Nexus 6P was "merchantable" under California Civil Code sections 1791.1(a) and 1792.

88.     Defendants breached this implied warranty by selling Nexus 6P devices that were not of a merchantable quality and were not fit for the ordinary purposes for which cell phones are used.

89.     The Nexus 6P is not of a merchantable quality because of its battery's propensity to fail and the phone's propensity to shut down and fail due to the bootloop defect.  These defects were present in the phones when Defendants placed them into the stream of commerce, at the point of sale, and at all relevant times thereafter.

90.     Plaintiff and California Subclass members can enforce this statutory implied warranty regardless of whether they are in privity with Defendants.  California Civil Code section 1792 provides that "[u]nless disclaimed in the manner prescribed by this chapter, every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail

11

**CLASS ACTION COMPLAINT**
**CASE NO.**

seller's implied warranty that the goods are merchantable."  California Civil Code section 1792 thus does not require privity of contract to enforce the implied warranty established by the statute. Additionally, Plaintiff and California Subclass members can enforce this statutory implied warranty because they either bought their Nexus 6P phones directly from Defendants or are the intended third-party beneficiaries of written agreements between Defendants and their authorized retailers, and of the implied warranties that attach to those contracts.

91.    As a direct and proximate result of Defendants' breaches of the Song-Beverly Consumer Warranty Act, Plaintiff and California Subclass members have been damaged in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
**Violations of the Magnuson-Moss Warranty Act,
15 U.S.C. § 2301, *et seq.*
(Against Defendants)
(On behalf of the Class)**

92.    Plaintiff incorporates the above allegations by reference.

93.    The Nexus 6P phones are "consumer products" under 15 U.S.C. § 2301(1).

94.    Plaintiff and Class members are "consumers" under 15 U.S.C. § 2301(3).

95.    Defendants are "suppliers" and "warrantors" under 15 U.S.C. § 2301(4)-(5)

96.    Defendants warranted to Plaintiff and Class members that the Nexus 6P phones they purchased were free from defects, of merchantable quality, and fit for the ordinary purposes for which smartphones are used.

97.    Defendants breached and refused to honor these implied promises.  As a result of the battery and bootloop defects, Nexus 6P phones failed to perform in accordance with their ordinary and intended purposes.  Nexus 6P phones have a propensity to malfunction and fail.

98.    Defendants have been given a reasonable opportunity to cure their breaches of warranty. Defendants have had ample notice of the defects described above and experienced by Plaintiff and Class members, but have not provided an adequate remedy

99.    The amount in controversy for purposes of Plaintiff's individual claims exceeds $25.

100.    As a direct and proximate result of Defendants' violations of the Magnuson-Moss Act, Plaintiff and Class members have suffered injury and damages in an amount to be determined at trial.

Further, under 15 U.S.C. § 2310(d)(2), they are entitled to an appropriate award of their attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**Violations of the Unfair Competition Law ("UCL"),**
**Cal. Bus. & Prof. Code § 17200, *et seq.***
**(Against Defendants)**
**(On behalf of the California Subclass)**

101.    Plaintiff incorporates the above allegations by reference.

102.    The UCL prohibits "any unlawful, unfair or fraudulent business act or practice[.]"

103.    Defendants' acts, omissions, and practices are unlawful because they breached the express warranty and the implied warranty of merchantability and because they violated the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act.

104.    Defendants' conduct is unfair in that Defendants violated the California public policy, legislatively declared in the Song-Beverly Consumer Warranty Act, requiring a manufacturer to ensure that goods it places on the market are fit for their ordinary and intended purposes.

105.    Defendants acted unscrupulously in a manner that is substantially injurious to consumers.  Among other violations, Defendants:

a.    Failed to apply reasonable care in testing the Nexus 6P phones prior to sale;

b.    Marketed and sold the Nexus 6P Phones with actual or constructive knowledge of their propensity to fail because of the battery and bootloop defects;

c.    Marketed and sold cell phones whose failure causes a person to permanently lose all of the photos, videos, contact information, and other data stored on his or her cell phone (to the extent such data have not been backed up);

d.    Replaced defective Nexus 6P phones with defective Nexus 6P phones; and

e.    Refused to repair or replace Nexus 6P phones that failed because of the battery and bootloop defects.

106.    Defendants' acts and practices are contrary to California law and policy and constitute unreasonable and oppressive business practices that caused substantial injury to Plaintiff and California Subclass members.

CLASS ACTION COMPLAINT
CASE NO.

107.    The gravity of the harm resulting from Defendants' conduct outweighs any potential utility.  There are reasonably available alternatives that would further Defendants' legitimate business interests, such as replacing defective Nexus 6P phones with non-defective cell phones.

108.    Plaintiff and California Subclass members could not have reasonably avoided injury from Defendants' unfair and unscrupulous trade practices.  Plaintiff and California Subclass members did not know, and had no reasonable means of discovering, that the Nexus 6P phones were defective or that Defendants would refuse to repair defective Nexus 6P phones or would replace defective Nexus 6P phones with defective Nexus 6P phones.

109.    All of Defendants' unlawful and unfair conduct occurred in the course of Defendants' business and was part of a generalized course of conduct.

110.    As a direct and proximate result of Defendants' conduct, Plaintiff and California Subclass members have suffered injuries, including by overpaying for their Nexus 6P Phones and being deprived of essential cellular phone service.

111.    Plaintiff and California Subclass members accordingly are entitled to appropriate relief, including restitution, declaratory relief, reasonable attorneys' fees, and a permanent injunction prohibiting Defendants from engaging in the above practices violative of the UCL.

## SEVENTH CLAIM FOR RELIEF
### Unjust Enrichment
### (Against Defendants)
### (On behalf of the Class)

112.    Plaintiff incorporates the above allegations by reference.

113.    Plaintiff and Class members conferred a benefit on Defendants, including by purchasing the Nexus 6P.

114.    The Nexus 6P phones that Plaintiff and Class members purchased were not fit for their ordinary use.  Defendants failed to disclose the defects in the Nexus 6P phones and failed to provide an adequate remedy to those harmed by them.  Therefore, retention by Defendants of revenues traceable to the Nexus 6P is unjust and inequitable.

115.    Plaintiff and Class members are entitled to restitution of their losses.  Defendants should be required to disgorge their ill-gotten gains.

CLASS ACTION COMPLAINT
CASE NO.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of members of the Class, respectfully requests that the Court certify the proposed Class and Subclass, designate Plaintiff as a Class representative, appoint the undersigned as Class counsel, and enter judgment through an Order:

A.    Providing injunctive and equitable relief in the form of, at a minimum, a comprehensive program to repair all Nexus 6P devices and to return to Class members all costs attributable to the Nexus 6P defects' manifestation, including economic losses from Class members' purchases of replacement phones;

B.    Requiring Defendants to pay actual damages or restitution to Plaintiff and the Class;

C.    Requiring Defendants to pay any applicable statutory or civil penalties;

D.    Awarding pre- and post-judgment interest as prescribed by law;

E.    Awarding reasonable attorneys' fees and costs as permitted by law; and

F.    Entering such other or further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.


Dated: April 25, 2017                    Respectfully submitted,

                                          By:      /s/ *Simon S. Grille*

                                          Daniel C. Girard (State Bar No. 114826)
                                          Jordan Elias (State Bar No. 228731)
                                          Simon S. Grille (State Bar No. 294914)
                                          **GIRARD GIBBS LLP**
                                          601 California Street, 14th Floor
                                          San Francisco, California 94108
                                          Tel: (415) 981-4800
                                          *dcg@girardgibbs.com*
                                          *je@girardgibbs.com*
                                          *sg@girardgibbs.com*

                                          *Attorneys for Plaintiff Brian Christensen*

15